958 F.2d 371
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Susan GRIFFITH, Plaintiff-Appellant Cross-Appellee,
v.
The PROCTER & GAMBLE COMPANY; Defendant-Appellee Cross-Appellant,
Ivorydale and St. Bernard Employees' Representation
Association, Defendant-Appellee.
 Nos. 91-3280, 91-3313.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1992.
 
 1
 Before KENNEDY and BATCHELDER, Circuit Judges, and TAYLOR, District Judge.*
 
 ORDER
 
 2
 Susan Griffith, an Ohio resident, appeals through counsel the directed verdict in favor of the defendants, and the defendant employer cross-appeals, in this action alleging a breach of the bargaining agreement by the employer and a breach of the duty of fair representation by the union, filed under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The parties have also waived oral argument.
 
 
 3
 Griffith filed a complaint seeking reinstatement, damages, attorney fees, and costs, alleging that her discharge on January 4, 1988, was in violation of the collective bargaining agreement (CBA), and that the union had breached its duty of fair representation in failing to pursue her grievance to arbitration. A jury trial commenced. At the close of the plaintiff's case, the district court granted the defendants' motions for a directed verdict, holding that no breach of the CBA had been shown. Griffith appealed the judgment, and her former employer cross-appealed, arguing that, in the event the case were remanded, the plaintiff was not entitled to a jury trial.
 
 
 4
 Upon review, we find that the defendants were entitled to a directed verdict for the reasons stated by the district court. No breach of the CBA was shown, because the CBA provided only that an employee would not be terminated unless previously warned. The parties agreed that Griffith had received two previous warnings regarding her attendance. However, she argued that a third warning was required by company policy. The district court held that, because the CBA itself was not ambiguous, it need not look to extraneous rules, citing Jackson Purchase Rural Electric Cooperative Ass'n v. Local Union 816, IBEW, 646 F.2d 264, 268 (6th Cir.1981). Furthermore, the district court properly concluded that where no breach of the CBA was shown, there could be no breach of the duty of fair representation by the union. See White v. Anchor Motor Freight, 899 F.2d 555, 559 (6th Cir.1990). For the reasons stated by the district court, the directed verdict in favor of the defendants is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation